## AS TO SEPARATION OF BIDS FOR LABOR AND MATERIAL IN BIDS FOR MUNICIPAL WORK.

Common Pleas Court of Hamilton County.

WIESE & HANLEY v. CITY OF CINCINNATI.*

Decided, November, 1913.

*Municipal Contracts—Separation of Bids for Labor and Material— Estoppel—Section 4329, General Code.*

The provisions of Section 4329, General Code, that in submitting a bid for a municipal contract which embraces both labor and material, they shall be separately stated with the price thereof, is not a restrictive provision of the nature and kind against which no estoppel will lie, but is largely a provision for the guidance of the officer upon whom the duty devolves of awarding the contract; and where it appears that the rights of the municipality suffered no prejudice by the acceptance of a bid and the awarding of a contract thereunder, and the work was done in accordance with the specifications and was accepted, estoppel lies against denial by the city of liability therefor.

*Frank H. Kunkel,* for the plaintiffs.
*Mitchell Wilby,* Assistant City Solicitor, contra.

GEOGHEGAN, J.

This was an action to recover from the city of Cincinnati the sum of $1,172.25, being a retained ten percentum of the amount found to be due under a certain contract entered into between the plaintiffs and the defendant, the city of Cincinnati.

Counsel for both parties have agreed upon all matters, including the amount to be paid to plaintiffs in case the courts determine in their favor the single issue presented by counsel and hereinafter noted.

On the 4th day of October, 1904, the plaintiffs submitted a certain bid for a street improvement in the city of Cincinnati,

*Affirmed by the Court of Appeals without opinion, May 21, 1915.

known as the improvement of Kineou avenue from Maxwell place to Rudolph avenue, by grading, setting curbs and crossings, flagging and paving gutters, and macadamizing the roadway, and constructing the necessary drains and retaining walls. On November 9th of the same year they were awarded the contract and shortly thereafter proceeded with the work and completed it, and upon certificate of the engineer were paid ninety per cent. of the total cost thereof, ten per cent being retained under the terms of the contract for five years as a guarantee that the plaintiffs would keep the street in good and proper repair.

It is conceded that all the necessary statutory steps in regard to this kind of improvement were carried out, and counsel for the parties have agreed as to certain differences that existed between the parties as to the amount of repair work done during the five year period by the city, which was to be charged under the contract to the plaintiffs.

The only defense that the city of Cincinnati now makes to this action is that the contract was illegal and void, inasmuch as the bid presented for the work did not contain a separate statement of the labor and material to be used, with the price thereof, as provided by Section 4329 of the General Code.

The various items of the bid, as shown from Exhibit "A" attached to the answer of the city, were as follows:

Broken stone, per cu. yd............................ $1.50
Crossings, per lin. ft............................... .50
Curbs, Pattern—
    B 5 inch limestone............................ .70
    B 5 inch limestone circular..................... 1.40
Grading, per cu. yd................................ .33
Limestone screenings ............................. 2.50
Gutters, flagging and limestone, per lin. ft............ 1.10
Rolling, per sq. yd................................ .04
Masonry rubble, uncoursed, per cu. yd........ ....... 4.00

With reference to the above, the following stipulation was entered into by counsel:

"It is hereby agreed and understood by the parties herein that the allegations of the reply and supplemental reply are not intended to and do not deny the allegation in the first defense of the answer, that the price of labor and materials were not separately stated in this contract, other than as shown by the bid, page 3, Exhibit 'A,' which plaintiffs claim shows a separation of work and material. It is left to the court to decide whether there was in fact such a separation as shown by the contract and bid involved in this case.

"It is further stipulated and agreed by and between plaintiffs and defendant that all other defenses raised by the answer of the defendant herein are waived and that as to such other defenses, the equities and law of the case are with the plaintiffs and that in the event the issue raised by the first defense is decided in favor of plaintiffs, that a judgment is to be rendered in favor of plaintiffs for eleven hundred ($1,100) dollars."

Passing for the present the question of whether or not there was an actual separation of labor and material, counsel for the city contends, in support of his motion for judgment, that the doctrine laid down in *McCloud* v. *Columbus,* 54 Ohio State, 439, to the effect that the restrictive conditions of statutes with reference to municipal corporations must be strictly complied with in order that a recovery may be had on the contract, is applicable to the state of facts before us here.

I have made a careful and exhaustive examination of the authorities in this state supporting this doctrine, and find that in *McCloud* v. *Columbus, supra,* there was a failure to advertise for bids; that in *Lancaster* v. *Miller,* 58 Ohio State, 558, there was a failure to advertise and a failure to obtain a certificate of the auditor or clerk that there was a sufficient amount in the fund set aside for the purpose to pay the city's portion for the work done under the contract. In *Buchanan Bridge Company* v. *Campbell et al,* 60 Ohio State, 406, there was an absolute failure on the part of the county commissioners to comply with any of the provisions of the statutes with reference to the building and constructing of county bridges and the action of the plaintiff was based entirely upon a *quantum meruit.* In *Comstock* v. *Village of Nelsonville,* 61 Ohio State, 228, there was a failure to obtain the clerk's certificate. In *Wellston* v. *Morgan,* 65 Ohio

State, 219, there was no ordinance of council authorizing the improvement. In *Village of Carthage* v. *Diekmeier*, 79 Ohio State, 223, there was no clerk's certificate as to the availability of the funds as provided by the so-called Burns law.

It will be observed that in all the above cases there was an absolute failure to comply with those restrictive provisions of the statute with reference to public improvements, that are designed to prevent municipal extravagance and undue favoritism on the part of municipal officers towards persons seeking contracts for public work. To this extent, however, and no further has the Supreme Court gone. The Supreme Court has not at all decided that under no circumstances shall the municipality be estopped to deny its liability because of failure to comply with the strict letter of the statute, but has held that wherever there has been a failure to substantially comply with a restrictive provision of the statutes then no estoppel will lie. However, in the case at bar it is conceded that there was a substantial compliance with the statute in reference to all those conditions referred to in the various cases above, and that the city accepted the work and paid for it with the exception of the retained ten percentum.

I am rather inclined to the opinion that the doctrine laid down in *Mt. Vernon* v. *State*, 71 Ohio State, 528, should be applied to the facts of the case at bar. The first paragraph of the syllabus in that case is as follows:

"Where a municipal corporation has entered into a contract with an individual, under and by virtue of a statute which is unconstitutional and the subject-matter of the contract is not *ultra vires*, illegal or *malum prohibitum*, and the facts are such, as against the corporation, as would estop an individual from setting up as a defense the unconstitutionality of the statute, the municipal corporation will also be so estopped."

While it is true that Section 4329, General Code, provides that where the work bid for embraces both labor and material, they shall be separately stated with the price thereof, I am inclined to the opinion that the provision is largely for the guidance of the officer having the duty to award the contract, rather than as a

restrictive provision of the nature and kind against which no estoppel will lie.

The view that I have taken, that under the circumstances of this case the city should be estopped from denying its liability, is supported in a very able opinion in the case of *McGonigale* v. *City of Defiance,* 140 Fed., 621, wherein Judge Taylor distinguishes between that kind of estoppel which in good conscience and having regard to the duty of the person who contracted ought to be effective, and that which public policy demands should not be permitted to make an invalid contract valid.

I can not see what principle of public policy would be invaded by holding that the city is estopped to deny the validity of the bid upon which this contract was made, where all the work has been done and the city has accepted it and paid for all of it except the guarantee fund, which was to be retained under the terms of the contract.

I am therefore of the opinion that under all the circumstances of the case, equity and good conscience require me to hold that the city is so estopped.

In passing, it might be well to call attention to the rule laid down in *Ross* v. *Board of Education,* 42 Ohio State, 374, wherein the third paragraph of the syllabus is as follows:

"The board may waive defects in the form of a bid where such waiver works no prejudice to the rights of the public for whom the board acts."

In that case it was urged that the board of education had no right to accept a bid for work embracing both labor and material which did not separately state the prices of labor and material.

There is no claim made here that there was any prejudice to the rights of the public in the acceptance of this bid and the awarding of the contract thereunder.

In fact, all the circumstances indicate that the work was done in accordance with the plans and specifications and that all statutory requirements had been complied with. So, upon this view of the case it would seem that the motion of the city for judgment is not well taken.

Now, with reference to the other view of the case, if any reference is here necessary, to-wit: the question as to whether or not there was actually a separation of labor and material in this bid I simply call attention to the opinion of my colleague, Judge Dickson, in *Warren Bros. Co. v. City of Cincinnati,* 17 N.P. (N.S.), —, wherein, under similar items of bid, he held where there is a question as to whether or not there was an actual separation, which can not be precisely determined from the nature of the bid itself, that it is best that the contractor have his pay less any damage that the owner may show, and that all doubtful cases should be resolved in favor of him who has done the work.

The city's motion for judgment will therefore be denied and a judgment will be entered for the plaintiffs, in the amount as agreed upon and set forth in the stipulation.